FILED

**NOT FOR PUBLICATION**

MAR 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ADELA CASAREZ, | No. 06-72154 |
| Petitioner, | Agency No. A092-730-239 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2011[**]
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Adela Casarez, a native and citizen of Mexico, petitions for review of a

Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration

Judge's ("IJ") denial of application for cancellation of removal. The IJ concluded

that Casarez's conviction for felony welfare fraud constituted a crime involving

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

moral turpitude that halted accrual of time under the stop-time rule for purposes of the continuous physical presence required for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

Section 240A(a) of the INA, 8 U.S.C. § 1229b(a) (2004), authorizes the Attorney General or his delegate to cancel removal of an alien who is inadmissible or removable if the alien: 1) has been an alien lawfully admitted for permanent residence for not less than five years; 2) has resided in the United States continuously for seven years after having been admitted in any status; and 3) has not been convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43). Commission of certain crimes interrupt the accrual of continuous residence necessary to establish eligibility for cancellation of removal for permanent residence. 8 U.S.C. § 1229b(d)(1). Since Casarez first attained lawful immigration status on May 23, 1988, she would have needed to remain in the United States lawfully until May 23, 1995 to accrue the necessary seven years of continuous residency.

Casarez plead guilty, on September 10, 1998, to felony welfare fraud, receipt of aid by misrepresentation, in violation of CAL. WELF. AND INST. CODE § 10980(c)(2). Such fraud constitutes a crime involving moral turpitude, which triggers the stop-time rule. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 908

2

n.7 (9th Cir. 2009) (en banc). She admitted that her criminal conduct began on June 1, 1993.

Casarez contends that the stop-time rule is triggered at the time of conviction, not when the criminal conduct was committed. This interpretation is contrary to the plain language of the statute and was flatly rejected by the BIA in *Matter of Perez*, 22 I&N Dec. 689, 693 (BIA 1999).

In California, welfare fraud for less than $400 carries a maximum jail sentence of six months, CAL. WELF. AND INST. CODE § 10980(c)(1) (1998). Casarez contends that because the record does not establish when her criminal conduct exceeded $400, she qualifies for the petty offense exception to inadmissibility, 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Casarez, however, failed to meet her burden to show that her conduct became felonious after she accrued seven years. *See* 8 U.S.C. § 1229a(c)(4)(A)(i). The IJ properly concluded that the accrual of time for the seven-year requirement ended at the time she committed the criminal act, not at the date of her conviction.

**PETITION DENIED**.